IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–02603–REB–KMT

DAVID C. ROSS,

      Plaintiff,

v.

COLORADO DEPARTMENT OF TRANSPORTATION,

      Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

_____

**Magistrate Judge Kathleen M. Tafoya**

      This matter is before the court on Plaintiff's "Motion for Leave to Amend Complaint" [Doc. No. 27] filed July 31, 2012.  Defendant Colorado Department of Transportation's ("CDOT") Response was filed on the same day, July 31, 2012.  [Doc. No. 29.]  Plaintiff filed his Reply [Doc. No. 36] on August 14, 2012.

      Not at issue before this court, but relevant to the issues to be addressed herein, Defendant has sought dismissal of several of Plaintiff's claims pursuant to Fed. R. Civ. P. 56(b) on the basis that the Eleventh Amendment to the United States Constitution stand as a bar to the suit against the state and that pendent state claims are barred by *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984).  (*See* "Defendant's Memorandum Brief in Support of Combined Motionto Dismiss and Motion for Summary Judgment" ("Mot. SJ") [Doc. No. 19, filed June 29,

2012].)  The motion for summary judgment is pending before District Judge Robert E.

Blackburn.

Plaintiff's request for leave to amend the Complaint, however, arises out of and in

response to that motion.[1]  Plaintiff now requests that he be allowed to name as new defendants

Plaintiff's Supervisor, Mark Leonard, in his official capacity and Leonard's supervisor, Scott

McDaniel, in his official capacity, so that he may avoid dismissal of his claims and be allowed

claims for prospective declaratory and injunctive relief pursuant to *Ex Parte Young,* 209 U.S.

123 (1908).

### *Procedural Background*

Plaintiff alleges that his employer engaged in constitutional violations by its practice of

favoring Muslim employees and allowing overt public displays of Muslim religious observances

that were not granted to Christians.  (Compl. [Doc. No. 1].)  Plaintiff, represented by his counsel

Maria Theresa Antill, filed his Complaint on October 4, 2012, naming only CDOT as a

defendant.  There were no allegations against any individual in either his or her individual or

official capacities.  The actions and activities of Mark Leonard featured prominently in the

Complaint.  (*See* Compl. ¶¶ 10, 11, 12, 13, 15, 18, 20, 21, 22, 23, 25, 26, and 27.)  Scott

McDaniel, the other proposed new defendant, is not mentioned in either the Complaint or the

Final Pretrial Order, nor is he named as a witness in Plaintiff's witness list attached to the Final

---

[1] On July 31, 2012, Plaintiff filed his Response to Defendant's Motion for Summary
Judgment [Doc. No. 25] arguing for the first time that he should be permitted to amend his
complaint and add Mark Leonard and Scott McDaniel as Defendants.  (*Id*. at 9-11.)

Pretrial Order.  (Final Pretrial Order [Doc. No. 32], filed August 9, 2012.)  As damages, the Complaint seeks: a "permanent injunction enjoining Defendant and its officers from engaging in discriminatory and retaliatory employment practices;" restoration of Plaintiff's job duties; actual, compensatory and punitive damages; attorney fees and costs, including expert witness fees; and, pre- and post-judgment interest.  (Compl. at 14.)

The Scheduling Order [Doc. No. 9] was filed subsequent to a scheduling conference on December 29, 2012.  The Scheduling Order required that motions for leave to amend or join parties be filed on or before February 12, 2012.  (*Id.* at 7.)  The deadline for completion of all discovery was May 30, 2012.  (*Id.*)  Thus, Plaintiff did not seek to amend and join additional parties until five and a half months beyond the deadline to do so as well as over two months after the conclusion of the discovery period.  In fact, the motion did not come until after CDOT filed its dispositive motion.

### *Legal Analysis*

Plaintiff's motion implicates both Fed. R. Civ. P. 15(a)(2) and 16(b)(4), as well as their interplay, and failure to comply with basic legal conventions.

### A.    *Failure to Attach Proposed Amended Complaint.*

Defendant has filed its Answer [Doc. No. 6] to Plaintiff's Complaint and therefore Plaintiff may amend his "pleading only by leave of court . . . ." Fed. R. Civ. P. 15(a). Obviously, the court must be able to review a proposed amendment to a complaint in order to determine its viability under the applicable law.  Plaintiff has failed to submit a copy of his proposed Amended Complaint with his Motion to Amend.

3

The court may deny a motion to amend a complaint for failure to submit the proposed amendment. *See Lambertson v. Utah Dep't of Corrs.*, 79 F.3d 1024, 1029 (10th Cir. 1996) (district court did not abuse its discretion in denying plaintiff's motion to amend for failure to provide adequate explanation for delay in seeking amendment and for failure to provide a copy of the proposed amended pleading). *See also Fleming v. Molloy*, Case No. 07-cv-00118-MSK-CBS, 2007 WL 3254389, at *1 (D. Colo. Oct. 31, 2007)(motion to amend complaint denied for failure to attach proposed amended complaint.)*; Bownes v. City of Gary, Indiana*, 112 F.R.D. 424, 425 (N. D. Ind.1986) ("common sense" dictates that a party seeking leave to amend should accompany his motion with a copy of the proposed amended complaint); *Williams v. Wilkerson*, 90 F.R.D. 168, 170 (E.D. Va. 1981) (where plaintiff sought leave to amend, a copy of the proposed amended pleading must be attached to the motion).  While Plaintiff has generally described the two new parties he proposes to add to the case, he has not attached a copy of a complete proposed Amended Complaint.  The court notes that as to at least one of the new defendants, Plaintiff's current Complaint does not contain even one fact or any claim pertinent to the individual.

While this failure on the part of Plaintiff could, and should, be grounds to summarily deny the motion at this juncture, this court declines to take that route because: (1) this failure can easily be corrected by re-submitting the motion and correctly attaching the proposed Amended Complaint; (2) a new submission would require the parties to re-submit and perhaps revise their briefing on the issue; and, (3) trial is just a little over one month away and delay occasioned by this administrative failure would be detrimental to the interests of justice.

4

Therefore, the court will note that while the Plaintiff continues to cause disruption and waste of party and judicial resources by a failure to apprehend and comply with basic legal precepts and requirements – as is evidenced in more detail herein – it is in the best interests of the parties and the court to address the merits of the motion to amend given the lateness of the hour.

### B.    Fed. R. Civ. P. 16

A Scheduling Order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  In addition, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b).

Good cause has been interpreted to mean:

> [T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.  Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a "manifest injustice" or "substantial hardship" test.

*Jorgensen v. Montgomery*, Case No. 06-cv-00853-MSK-BNB, 2007 WL 3119549, at *3 (D. Colo. Oct. 19, 2007) (citing Advis. Comm. Notes for 1983 Amend.)  In addition:

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts . . . .  Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

(*Id.*) (citing *Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.*, 986 F. Supp 959, 980 (D.S.C. 1997).  "Demonstrating good cause under the rule . . . means [the movant] must provide an

5

adequate explanation for delay." *Strope v. Collins*, 315 Fed. App'x 57, 61, 2009 WL 465073, at *3 (10th Cir. Feb.25, 2009).

It is apparent to the court that Plaintiff's counsel did not master the rather well-worn maxims regarding Eleventh Amendment immunity in a claim for constitutional violations involving state actors. When Plaintiff's counsel realized, after receiving Defendant's motion for summary judgment, that she had not properly joined appropriate parties to allow Plaintiff the ability to obtain prospective injunctive or declaratory relief, and that the failure to do so might be fatal to some of her client's claims, she scrambled to correct her research failure by filing the motion at issue

*Ex Parte Young* was decided in 1908 and has been part of constitutional law practice for over one hundred years. In essence, the *Ex Parte Young* doctrine holds that as to suits against state agencies, Eleventh Amendment immunity does not apply to the extent a plaintiff seeks prospective declaratory or injunctive relief if properly pled. *See Hill v. Kemp*, 478 F.3d 1236, 1255–56 (10th Cir. 2007) (under *Ex Parte Young*, "the Eleventh Amendment generally will not operate to bar suits so long as they (I) seek only declaratory and injunctive relief rather than monetary damages for alleged violations of federal law, and (ii) are aimed against state officers acting in their official capacities, rather than against the State itself."); *Roe No. 2 v. Ogden*, 253 F.3d 1225, 1233 (10th Cir. 2001). To determine whether the *Ex Parte Young* doctrine applies, "a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verison Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (internal quotation marks and

citation omitted).  Additionally, the *Ex Parte Young* doctrine "may not be used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past."  *Buchwald v. Univ. of N.M. School of Med.*, 159 F.3d 487, 494 (10th Cir. 1998).

It appears that, if this court were inclined to grant the plaintiff's motion, it would have the power to do so.  *Thompson v. Colorado,* 278 F.3d 1020, 1025 (10th Cir. 2001)(*overruled on other grounds*).  *See also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 833 (1989) (concluding that appellate courts do have the power to dismiss a dispensable party whose presence spoils statutory diversity jurisdiction); *Balgowan v. New Jersey*, 115 F.3d 214, 216-17 (3d Cir.1977) (granting motion to amend the complaint to add a state official as a defendant and to include a claim for prospective declaratory and injunctive relief, thus making *Ex parte Young* suit possible).  Nevertheless, there are considerations weighing against Plaintiff's motion.

Allowing Plaintiff to amend his complaint would substantially alter the relevant legal issues to be decided in this case.  Under the current complaint, especially with respect to the specific claims, the initial question before the District Court is now whether CDOT is entitled to Eleventh Amendment immunity.  Defendant alerted the Plaintiff that there might be a jurisdictional issue lurking in the case as early as in its Answer, filed December 23, 2011, when it claimed, "3. With respect to the allegations in paragraph 4[2] of Plaintiff's Complaint, the Defendant admits that Plaintiff seeks to invoke the jurisdiction of the Court, but denies the

---

[2] Paragraph 4 of the Complaint states, "4. This action is filed pursuant to federal and state laws.  This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.  This Court has pendent jurisdiction over state claims."  (Compl. at ¶ 4.)

7

propriety of that jurisdiction" (Answer at 2) and in its Affirmative Defenses when it stated, "2. Some or all of Plaintiff's claims might be barred for lack of jurisdiction, for failure to exhaust administrative remedies, or for failure to comply with jurisdictional filing prerequisites." (*Id.* at 6.)  Plaintiff seeks to gut the defendant's legitimate and early raised jurisdictional defenses to add two additional defendants to the case at this point, with only forty days until a trial which has been scheduled for over seven months.

The principals of *Ex Parte Young* are not new and the law with respect to claims involving prospective injunctive relief against state entities has not undergone some compelling transformation excusing counsel from certain drafting choices at the time of filing the Complaint.  Unlike in *Balgowan*, there has been no reversal of a prior Supreme Court case on which Plaintiff relied in drafting his complaint.[3]  Plaintiff in this case has identified no similar equitable consideration justifying his eleventh-hour request to amend his complaint.

Another ground which could be invoked to excuse a late motion to amend is that critical information was only learned through the discovery process.  *See Colorado Visionary Academy*

---

[3] In *Balgowan*, the plaintiffs had brought a claim against the New Jersey Department of Transportation seeking monetary relief for alleged violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201-219 (1978).  Under Supreme Court precedent at the time the plaintiffs in *Balgowan* filed suit, it appeared that the FLSA was a valid exercise of Congress' Commerce Clause power and that Congress could abrogate Eleventh Amendment immunity through legislation enacted pursuant to the Commerce Clause.  In *Seminole Tribe v. Florida*, however, which was decided after the plaintiffs in *Balgowan* filed suit, the Supreme Court reversed previous controlling law and held that Congress cannot abrogate Eleventh Amendment immunity by means of its Commerce Clause power.  Thus, the Third Circuit allowed the plaintiffs to amend their complaint, partly because of the plaintiffs' reliance on previous law. *See Balgowan*, 115 F.3d at 217.

8

*v. Medtronic, Inc.*, 194 F.R.D. 684, 688 (D. Colo. 2000).  Plaintiff argues that "[a]lthough aspects of Mark Leonard's involvement were known at the commencement of these proceedings, the extent of his actions and Scott McDaniels' involvement were not known until discovery was completed," (Reply at 4) and "[i]t was also through discovery that it was learned that Scott McDaniels had knowledge of and was personally involved in the actions taken by Leonard and CDOT" (*id.* at 5).  Neither of these facts, even if true, have anything to do with invocation of the *Ex Parte Young* "fiction"[4] that simply requires a plaintiff to name as a defendant the state official who is responsible for enforcing the contested statute in his official capacity.  *See Greenawalt v. Ind. Dep't of Corr.*, 397 F.3d 587, 589 (7th Cir. 2005).  The personal participation of the two 'would-be defendants' is only relevant to claims against them in their individual capacities–a capacity as to which the Plaintiff does not seek leave to amend.  It is evident to the court that the delay in seeking the requested amendment is the result of Plaintiff's counsel's failure earlier in the case to do the research necessary to recognize the applicability of the Eleventh Amendment to the case and to determine how best to plead the claims.

I therefore find that the plaintiff has not met the good cause standard pursuant to Fed. R. Civ. P. 17.  In many Circuits the analysis would end at this juncture.  "Most circuits have held that when a party amends a pleading after a deadline set by a scheduling order, Rule 16 and its 'good cause' requirement are implicated."  *Rehberg v. City of Pueblo*, Case No. 10-cv-00261-

---

[4] "The *Young* fiction was born of necessity to enable the federal courts to ensure prospective compliance by the states with federal law." MARTIN A. SCHWARTZ AND KATHRYN R. URBONYA, SECTION 1983 LITIGATION 126 (2D ED. 2008).

LTB-KLM, 2011 WL 4102287, at *2-4  (D. Colo. Sept. 14, 2011); *Bylin v. Billings*, 568 F.3d

1224, 1231 n.9 (10th Cir. 2009)(citing cases from other jurisdictions for that proposition).  In the

Tenth Circuit, however, the law is in a state of flux on this point.  Contrast *Rehberg* (Rule 15

controls motions to amend and Rule 16 is not a consideration in the analysis) and *Rogers v.*

*Wesco Properties, LLC*, Case No. 10-cv-01854-WYD-KMT, 2012 WL 1018431, at *3 (D. Colo.

March 26, 2012)(Chief District Judge Wiley Y Daniel holding that since the Tenth Circuit had

not held that Rule 16(b)'s good cause finding was required a motion to amend filed beyond the

time set in the Scheduling Order was analyzed under only Rule 15) with *Enterprise Management*

*Ltd. Inc. v. Warrick*, Case No. 10-cv-00660-JLK-KMT, 2012 WL 1110081, at * 2 (D. Colo.

April 3, 2012)(Senior District Judge John L. Kane holding that Rules 16(b)(4) and 15 must be

read and both considered if an amendment is sought after the deadline to file pleadings has

expired).  This split in the District Court matters because Rule 16(b)(4) imposes "an arguably

more stringent standard than the standards for amending a pleading under Rule 15."  *Bylin*, 568

F.3d at 1231; *accord Martinez v. Target Corp*., 384 F. App'x 840, 847 n.5, 2010 WL 2616651,

at *4 (10th Cir. July 1, 2010)(stating that Rule 15(a)(2) is "more lenient" than Rule 16(b)(4)).

Thus, if a plaintiff must meet both rules, it is entirely conceivable that he could satisfy Rule

15(a)(2) but fail Rule 16(b)(4) and would therefore be precluded from amending his complaint.

Conversely, if he must meet only Rule 15(a)(2), whether he can show "good cause" under Rule

16(b)(4) is irrelevant.  Because this court's finding is that Plaintiff fails to satisfy the standards of

Rule 15 as well as Rule 16, the split in decisions has little, if any, affect on the outcome of this

case.

### C.  Fed. R. Civ. P. 15

Pursuant to Fed. R. Civ. P 15(a), the court is to freely allow amendment of the pleadings "when justice so requires."  The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, **or** futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)(emphasis added).  However, "Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action." *Id.* at 1205.

### 1.  Bad Faith or Dilatory Motive, Failure to Cure Deficiencies by Amendments Previously Allowed, or Futility of Amendment

There is no evidence or argument that Plaintiff possessed a dilatory or bad faith motive for his failure to properly include *Ex Parte Young* defendants.  There likewise has been no attempt to amend the complaint earlier; in fact, if the matters had been addressed earlier in the proceedings, the amendment would have almost certainly been allowed.

An amendment to a complaint is futile only if the plaintiff can prove no set of facts in support of his amendment that would entitle him to relief. *E.g., Beckett v. United States*, 217 F.R.D. 541, 543 (D. Kan. 2003).  A district court is clearly justified in denying a motion to amend as futile only if the proposed amendment cannot withstand a motion to dismiss or

11

otherwise fails to state a claim.  *See Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992).

"Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district

court may deny leave to amend where amendment would be futile.  A proposed amendment is

futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist.*

*v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999).

Defendant has failed to demonstrate that the proposed amendment is either factually or

legally insufficient under <u>any</u> set of facts; *i.e.*, that it is apparent Plaintiff can prove <u>no set of</u>

<u>facts</u> which would entitle it to relief.  *Cf. Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th

Cir. 2003).  Plaintiff's goal in the amendment is to correct the potentially fatal error of neglecting

the ramifications of the Eleventh Amendment through *Ex Parte Young*.  Nevertheless, the Tenth

Circuit has concluded that the timeliness of the amendment and the prejudice to a defendant are

to be the crux of the inquiry.  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

## 2.    *Undue Delay and Prejudice*

A motion to amend should be denied if a plaintiff has unduly delayed in seeking the

amendment.  *Wessel v. City of Albuquerque*, 299 F.3d 1186, 1197 (10th Cir. 2002).  The

important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue.

*Minter*, 451 F.3d at 1206.  A defendant is prejudiced by an untimely amendment if the

amendment will alter the focus of the case at a date that is too late for the defendants to

adequately prepare for trial.  *Orr v. City of Albuquerque*, 417 F.3d 1144, 1153 (10th Cir. 2005)

("[A] plaintiff should not be prevented from pursuing a valid claim just because she did not set

forth in the complaint a theory on which she could recover, provided always that a late shift in

the thrust of the case will not prejudice the other party in maintaining his defense upon the merits.") (citation omitted).  Prejudice is most likely to be found "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."  *Minter*, 451 F.3d at 1208.

As previously noted, the trial in this matter is scheduled for October 1, 2012, a mere forty days from the date of this Recommendation.  The trial preparation conference, at which time the parties are expected to demonstrate their readiness for trial, is now twenty-three days hence. That Plaintiff should go forward with his case without ever considering such a fundamental issue as Eleventh Amendment immunity is inexcusable.  The amendment clearly and definitively comes at a date too late for the defendant to adequately prepare for trial as it is unlikely the new defendants would even be served by the trial date.

Prejudice under Rule 15 "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party."  *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969); *see also, LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1474 (10th Cir. 1983).  The party opposing the amendment of the pleadings has the burden of showing prejudice.  *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977).  The prejudice with which the Rule is concerned is the prejudice to the party's ability to prosecute or defend.

The prejudice to Defendant should the Court allow amendment at this late juncture was summarized Defendant in its Response as

> Defense counsel limited discovery in this case knowing that Plaintiff had not properly pled his case and knowing that the majority of his claims were barred by the Eleventh Amendment.  Defense counsel sought no written discovery regarding these claims and asked very few, if any, questions about these claims during Plaintiff's deposition.  Defense counsel was under no obligation, as Plaintiff seems to suggest, to reveal his ultimate litigation strategy in this case.  If the amendment is allowed, Defendant will need to refile its motion for summary judgment without the benefit of having obtained discovery on the claims previously barred by the Eleventh Amendment, or will have to seek to reopen discovery.  Given the nearness of the trial date in this case, reopening discovery would be highly prejudicial, expensive, and impractical.

(Resp. at 6-7.)

It is fundamentally disingenuous to chastise Defendant for not schooling the plaintiff in the elements of an *Ex Parte Young* claim or in the defense of Eleventh Amendment immunity. Defendant correctly argues that the issue of Eleventh Amendment immunity may be raised at any time, even on appeal, for the first time.  *Whitney v. Div. of Juvenile Services*, Case No. 09-4230, 468 F. App'x 871, 2012 WL 1142256, at *2 (10th Cir. April 6, 2012).  *See also U.S. ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 942 (10th Cir. 2008) (arguments for Eleventh Amendment immunity may be raised at any time, even on appeal for the first time); *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1231(10th Cir. 1999)(because the Eleventh Amendment defense has jurisdictional attributes, it may be raised at any point).

Whether or not the defendant has waived its Eleventh Amendment defense is not properly before this court and will be decided by the District Court as part of its consideration of the motion for summary judgment.  Should plaintiff prevail before the District Court, the need to add parties in support of an *Ex Parte Young* analysis will be less pressing.  Should the plaintiff

14

not prevail, the Defendant's prejudice becomes even more acute should the court allow the late amendment, which, no doubt, would necessitate continuance of the trial date.

Applying the applicable standard to the facts of this case leads this court to conclude that Plaintiff has failed to meet the parameters allowing him to amend his complaint pursuant to Fed. R. Civ. P. 15, in addition to his failure to establish good cause pursuant to Rule 16, to the extent the two are read together.  The undue delay accompanying this motion was attributable to Plaintiff's failure to research and properly plead his claims pursuant to epochal, long-standing principals of law applicable to this kind of case.  There were no new facts developed in discovery that would excuse this oversight, and there are no recent developments in the law that could have led to Plaintiff's initial failures.  Plaintiff remained oblivious of the prevailing law until the Defendant provided the much needed education in the form of a pending motion for summary judgment.  Allowing the amendment at this late stage would greatly prejudice the educator by allowing the pupil to profit from inaptitude, all to the extreme detriment of defendant.

WHEREFORE, for the foregoing reasons, I respectfully

**RECOMMEND** that

Plaintiff's "Motion for Leave to Amend Complaint" [Doc. No. 27] be **DENIED**.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.

15

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A

general objection that does not put the district court on notice of the basis for the objection will

not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*

*Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to

make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's

decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at

1059-60 (a party's objections to the magistrate judge's report and recommendation must be both

timely and specific to preserve an issue for *de novo* review by the district court or for appellate

review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir.

1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had

waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

 Dated this 22nd day of August, 2012.

       BY THE COURT:

       Kathleen M. Tafoya
       United States Magistrate Judge