**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-02603-REB-KMT

DAVID C. ROSS,

    Plaintiff,

v.

COLORADO DEPARTMENT OF TRANSPORTATION,

    Defendant.

**ORDER OVERRULING OBJECTIONS TO AND ADOPTING
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

    The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#43],[1] filed August 22, 2012; and (2) plaintiff's **Objections to Recommendation** [#46], filed September 5, 2012.  I overrule the objections and approve and adopt the recommendation.

    As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, objections, and applicable caselaw.  The recommendation is detailed and well-reasoned.  Contrastingly, plaintiff's objections are imponderous and without merit.

---

[1] "[#43]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

Even assuming *arguendo* that the good cause standards of Rule 16(b) are inapplicable such that the arguably more lenient standards of Rule 15(a) alone govern the determination, I concur with the magistrate judge that plaintiff's delay in bringing this motion would engender undue prejudice to defendant were leave to amend granted. As the magistrate judge noted, the doctrine of **Ex Parte Young**, under which plaintiff seeks to avoid CDOT's Eleventh Amendment immunity by adding individual defendants, has been part of the legal landscape for nearly a century. Patently, the delay in bringing the motion was attributable to nothing more than plaintiff's own failure adequately to research the law and timely to determine what claims to pursue. Even the liberal standards of Rule 15(a) would be offended were such inexplicable lapses excusable.

Moreover, although the recommendation was issued with an eye toward the original trial date, which has since been continued, trial is now scheduled for April 29, 2013, almost precisely the same number of days hence as the magistrate judge considered at the time she issued her recommendation. In addition, by order to enter later today, I will grant defendant's motion to dismiss plaintiff's remaining claims on Eleventh Amendment grounds. As the magistrate judge portended, "[s]hould the plaintiff not prevail [on the Eleventh Amendment issue], the Defendant's prejudice becomes even more acute should the court allow the late amendment, which, no doubt, would necessitate continuance of the trial date." (**Recommendation** at 14-15.) Indeed, because defendant structured its entire discovery strategy around its contention that the Eleventh Amendment would bar plaintiff's section 1983 and state law claims entirely, amendment at this late juncture would require the parties to essentially begin this case

anew. The prejudice such a result would engender is obvious.

Therefore, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#43], filed August 22, 2012, is **APPROVED** and **ADOPTED** as an order of this court;

2. That the objections stated in plaintiff's **Objections to Recommendation** [#46], filed September 5, 2012, are **OVERRULED**; and

3. That plaintiff's **Motion for Leave To Amend Complaint** [#27], filed July 31, 2012, is **DENIED**.

Dated March 14, 2013, at Denver, Colorado.

BY THE COURT:

*Bob Blackburn*
Robert E. Blackburn
United States District Judge